# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:01CV238-3-MU

| | |
|---|---|
| **MICHAEL LEE FRANKLIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **SID HARKLEROAD, Administrator of** ) | |
| **Marion Correctional Inst.,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Michael Lee Franklin's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1.) Also before the Court is the State's Motion for Summary on Summary Judgment (Document No. 3.)

## I. Factual and Procedural Background

A review of the record reveals that on December 15, 1998, Petitioner was arrested and charged with one count of statutory rape and one count of statutory sexual offense. The victim was thirteen years old. The grand jury returned true bills of indictment against Petitioner for statutory rape and statutory sexual offense on February 1, 1999. Defendant's trial began on May 25, 1999 and on May 26, 1999, the jury found Petitioner guilty of statutory rape and not guilty of statutory sexual offense. The court sentenced Petitioner to a minimum term of 144 months and a maximum of 182 months imprisonment.

Petitioner directly appealed to the North Carolina Court of Appeals and on October 17, 2000,

the Court of Appeals issued an unpublished opinion finding no error in Petitioner's trial. Petitioner filed a petitioner for discretionary review to the Supreme Court of the North Carolina on November 24, 2000. The petition for discretionary review was treated as a certiorari petition and denied on December 20, 2000. Petitioner then filed a Motion for Appropriate Relief in the Superior Court of Buncombe County. The Honorable Dennis J. Winner summarily denied the Motion for Appropriate Relief on July 26, 2000. On August 15, 2001, Petitioner filed a certiorari petitioner in the North Carolina Court of Appeals, which was denied on August 30, 2001. On September 13, 2001, Petitioner filed a certiorari petition in the Supreme Court of North Carolina, which was dismissed on October 4, 2001. Petitioner filed the instant petition on October 12, 2001 alleging that the his trial counsel was ineffective for failing to investigate the victim's medical records and for failing to raise that the trial court was without jurisdiction to prosecute him. He also alleges that his right of due process was violated because the trial court should not have accepted the verdict or entered judgment prior to a valid indictment coming before the court. Finally, he alleges that it would be a fundamental miscarriage of justice for this Court to fail to consider his claim at this time because the error in question is in violation of the United States Consitituion.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted

> in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

## II. Analysis

### A. Petitioner Has Failed to Establish Ineffective Assistance of Counsel

In his first claim, Petitioner argues that his counsel was ineffective for failing to conduct a full and through investigation of the victims' medical records. Petitioner claims that the victim's medical records contains information which contradicts testimony tendered by the state. If his attorney had conducted a full and through investigation he would have discovered that the victim's medical records contradict the state's witnesses. The victim's medical records indicate that her hymen "appears to

3

be fairly intact" and her rapist "did not have full penetration." Petitioner seems to be arguing that his attorney should have cross examined the state's witnesses with this information because it contradicts the state's evidence.

First, as a legal mater, neither "full penetration" nor emission of semen is required to prove rape. All that is required is penetration, however slight, of the female sex organ with the male sex organ. See State v. McNicholas, 322 N.C. 548, 556 (1988).

Next, the evidence indicating Petitioner's guilt was substantial. Petitioner admitted to police that he penetrated his victim's vagina with his penis. (Tr. 89.) Officer Ribley testified that he witnessed Petitioner on top of his victim when he came upon Petitioner's parked car and that he observed that Petitioner was partially penetrating her vagina with his penis and that he was wearing an amber colored condom. (Tr. 43.)

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing,

Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner has not established that his counsel was ineffective. His allegations are unsupported and conclusory. All that is required to prove rape in the State of North Carolina is penetration, however slight, of the female sex organ with the male sex organ. McNicholas, 322 N.C. 548, 556 (1988). As stated above, the evidence of Petitioner's guilt was supported by his own statement that he penetrated his victim and Officer Ribley's testimony that he observed that Petitioner was partially penetrating the victim. Therefore, the fact that the victim's medical records indicate that her hymen appears to be intact and that her rapist did not fully penetrate her does not necessarily contradict the state's evidence.

In light of the evidence against him, Petitioner has failed to show how his counsel's decision not to pursue cross examination on the victim's medical records was deficient. Furthermore, even if he could show that his counsel was deficient, he has not established prejudice. He has not shown how the result of the proceeding would have been different, especially in light of Petitioner's own admission, if his attorney had conducted a full and through investigation of the victim's medical records and cross examined the state's witnesses on the contents of those records.

Additionally, Petitioner raised the substance of this claim in his "Motion for Appropriate

Relief."[1]  Judge Winner summarily denied Petitioner's ineffectiveness claim on its merits and concisely summarized the state's evidence of Petitioner's guilt as follows;

> [the] Defendant was indicted for having intercourse with a person under the age of 16 [she was 13 at the time] while he was more than six (6) years older than the victim. There was no allegation, nor was there any evidence, of forcible rape.
> The State's case relied on the main on three sources. First, the testimony of the victim, who testified that she had consensual intercourse with the Defendant. Secondly, the testimony of a law enforcement officer, eye witness, who came upon the scene and testified that he saw the Defendant having intercourse with the victim. Thirdly, the Defendant's statement in which he admitted having sexual intercourse with the victim.
> Defendant's counsel did not call a physician who examined the victim in the case.
> The record reflects through the testimony of the witnesses that the Defendant, by his own admission, used a condom during intercourse with the victim.
> The Court finds beyond a reasonable doubt that the testimony of the physician who examined the victim would not have influenced the jury verdict in this case.

(July 26, 20001 Order).

This summary adjudication and denial of Petitioner's ineffectiveness claim on its merits, is a correct and reasonable application of the law. It is not contrary to Strickland and it is not an unreasonable application of Strickland to the facts of this case. Therefore, Petitioner's claim of ineffectiveness is also denied pursuant to § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362, 409-412 (2000).

Next, Petitioner's claim that his counsel was ineffective for not investigating and discovering that the trial court "was without jurisdiction to prosecute", is also without merit. It is difficult to determine exactly what Petitioner is claiming here because he provides no facts to support his bare

---

[1] In his Motion for Appropriate Relief, Petitioner claimed his counsel was ineffective for failing to call the physician who examined the victim as a witness. In the instant motion, Petitioner is claiming that his counsel was ineffective for failing to conduct a through investigation which would have revealed the that the victim's medical records contradict the state's evidence. That claim is, in substance, the same claim that Petitioner raised in his Motion for Appropriate Relief.

claim that his trial counsel was ineffective for failing to conduct an investigation which would have lead him to conclude that the trial court was without jurisdiction to prosecute him. In his Motion for Appropriate Relief, Petitioner argued that the trial court had no jurisdiction over him in case 98 CRS 68008 because there was no indictment for that charge. It seems reasonable to conclude, based on the similar claim in his Motion for Appropriate Relief, that Petitioner is arguing that the trial court had no jurisdiction to prosecute him because of the lack of indictment against him in case 98 CRS 68008 and that his trial counsel was ineffective for failing to realize this information and raise it to the trial court.

Petitioner is simply incorrect that there was no valid indictment against him**.** There was a valid indictment against him for both the statutory rape offense (98 CRS 68007) and the sexual offense charge (98 CRS 68008) . (Tab 8 of State's Motion for Summary Judgment.) Both indictments were signed by the Grand Jury Foreman and returned on February 1, 1999, approximately four months prior to trial. Furthermore, there could be no prejudicial error with regard to the indictment for the sexual offense charge, 98 CRS 68008, because Petitioner was found not guilty of that offense. Therefore, Petitioner cannot establish the prejudice prong of Strickland and his claim must be dismissed.²

If Petitioner is not making the argument outlined above, which he made in his Motion for

---

² Additionally, Petitioner raised the substance of this claim in his Motion for Appropriate Relief. Judge Winner summarily denied it as follows; "[a]ll of the other allegations contained in the motion for appropriate relief are on their face, or shown to be by the papers in the file, are either incorrect, or state insufficient grounds to grant the Defendant a new trial." Judge Winner's summary adjudication and denial of Petitioner's claim is correct and reasonable. It is not contrary to, nor involves and unreasonable application of Strickland. Nor is it based on an unreasonable determination of the facts, in light of the evidence contained in the state court record. Therefore, Petitioner's claim on ineffective assistance of counsel is denied pursuant to §2254 (d) and (e).

Appropriate Relief, but is instead claiming that the trial court lacked jurisdiction over him in case 98 CRS 68007 (the statutory rape charge) because there was no indictment for that charge or the indictment was somehow inadequate, this claim is also without merit.

First, as stated above there was an indictment in case 98 CRS 68007 which was signed by the Grand Jury Foreman and returned on February 1, 1999, approximately four months prior to trial. The indictment appeals to be valid in all respects, however, alleged deficiencies in state court indictments are not ordinarily a basis for federal habeas relief unless they rendered the entire proceeding fundamentally unfair. See Asheford v. Edwards, 780 F.2d 405 (4th Cir. 1985). Petitioner is not making this specific claim, therefore the Court will not address it in this Order. In fact, his claim is simply a bare assertion of ineffective assistance of council for failing to investigate and discover that the trial court was without jurisdiction to prosecute.

Petitioner did not raise this claim in his Motion for Appropriate Relief or on direct appeal. Therefore, if Petitioner is intending to raise the issue in the instant motion, it is non-exhausted and now procedurally barred.[3]

**B. Petitioner's Due Process Claim is Without Merit and Procedurally Barred**

Petitioner claims that his due process rights have been violated because the trial court should not have accepted the verdict or entered the judgment prior to a valid indictment coming before the court. This is, in essence, a rephrasing of that portion of Petitioner's ineffective assistance of counsel

---

[3] Petitioner was in an adequate position to have raised this claim in his prior direct appeal or Motion for Appropriate Relief, but did not do so. If he returns to state court and attempts to raise it in another Motion for Appropriate Relief, it will be found procedurally barred, absent cause and prejudice or a fundamental miscarriage of justice. See N.C.G.S. § 15A-1419(a)(1), (3) and (b) (1999). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding federal habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998).

claim raised above regarding the trial court's alleged lack of jurisdiction. The only difference here is that Petitioner omitted the ineffective assistance of counsel claim and is claiming only an invalid indictment. The Petitioner provides no further facts to support his bare claim. In addition, as with his ineffective assistance of counsel claim, it is unclear whether Petitioner is complaining that the indictment for his sex offense charge in case 98 CRS 68008 is invalid or whether his indictment for the statutory rape charge in case 98 CRS 68007 is invalid. The Court has already addressed the substance of Petitioner's claims within the context of the discussion regarding ineffective assistance of counsel above and will not do so again. For all the reasons stated in the discussion above, Petitioner's claim regarding his due process rights is dismissed.

**C. Fundamental Miscarriage of Justice Claim is Without Merit**

Finally, Petitioner contends that it would be a "fundamental miscarriage of justice" for this Court to fail to consider his claim at this time "because the error in question is an error of the U.S. Constitution (Petition 6.) This claim does not raise any new underlying allegations of trial court error or ineffective assistance of counsel and therefore is dismissed.

To the extent Petitioner is attempting to circumvent any potential procedural bar or default rules, the claim is also without merit. To demonstrate a fundamental miscarriage of justice in the federal habeas context, requires a showing of actual innocence.[4] Because, the miscarriage of justice exception is rare and only applies in the extraordinary case, the exception is tied explicitly to petitioner's innocence. Schulp v. Delo, 513 U.S. 298 (1995). While prisoners retain on overriding

---

[4] The standard actually requires a petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. 478, 496 (1986). In order to establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. Petitioner has not made the requisite showing.

interest in obtaining release from custody, that interest does not extend to prisoners whose guilt is conceded or plain. Id.

In the instant case, the evidence of Petitioner's guilt is substantial. As Judge Winner stated in his written opinion, Defendant, 26 years old at the time, was indicted for having intercourse with a 13 year old child. There was no allegation, nor was there evidence of forcible rape. The State relied on three main sources of evidence. First, the victim testified that she had consensual intercourse with the Defendant. Next, Officer Ribley testified that he saw the Defendant having intercourse with the victim. Finally, the Defendant admitted to having sexual intercourse with the victim.

In light of this evidence, there could be no "fundamental miscarriage of justice" because the evidence against the Petitioner is substantial and compelling and this Court has reviewed Petitioner's ineffective assistance claims and due process claim and determined they are without merit. Petitioner's fundamental miscarriage of justice claim is also without merit and is dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is <u>Denied</u> and <u>Dismissed</u> and the State's Motion for Summary Judgment is <u>Granted</u>.

**Signed: June 13, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge